Filed 10/23/24  Lim v. Gold Medal Realty and Mortgage Corp. CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| MARK LIM,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>GOLD MEDAL REALTY AND MORTGAGE CORP. et al.,<br><br>    Defendants and Respondents. | D082013<br><br><br>(Super. Ct. No. 37-2018-00067004-NP-CTL) |

APPEAL from a judgment of the Superior Court of San Diego County, Joel R. Wohlfeil, Judge.  Affirmed.

Liu & Wakabayashi and Youjun Liu, for Plaintiff and Appellant.

Clyde & Co US and Douglas J. Collodel; Carlson Law Group, Jason M. Murphy, and Coleen H. Lowe for Defendant and Respondent.

Mark Lim appeals following a jury verdict in a lawsuit he filed against Gold Medal Realty and Mortgage Corp. (Gold Medal Realty) and Denise Wu. Judgment was entered in Lim's favor (1) against Gold Medal Realty on the cause of action for negligent supervision in the amount of $324,600; and (2) against Wu, jointly and severally, on the cause of action for conversion, in

the amount of $541,000. Lim contends on appeal that he should have been awarded $760,500 against both Gold Medal Realty and Wu.

As we will explain, Lim has not provided an adequate record to enable us to decide the issues he raises in this appeal. We accordingly resolve Lim's arguments against him, and we affirm the judgment.

I.

FACTUAL AND PROCEDURAL BACKGROUND

Due to the sparse appellate record provided by Lim, we are unable to fully describe the relevant factual and procedural background. However, based on the documents available to us, we provide the following summary.

As shown in the Register of Actions, Lim filed his original complaint on May 29, 2020. The appellate record contains Lim's first amended complaint, filed against Gold Medal Realty and Denise Wu on December 2, 2020. Lim alleged that between 2013 and 2019, he gave large amounts of money to Wu so that she could invest it for him in a series of residential real estate transactions. Wu was a real estate agent, who worked for real estate broker Gold Medal Realty. Wu ended up absconding with Lim's money. Lim alleged that he lost a total of $760,500. Against Gold Medal Realty, Lim alleged causes of action for breach of fiduciary duty, constructive fraud, negligent supervision, breach of contract, conversion and "respondeat superior." Against Wu, Lim alleged causes of action for breach of contract, breach of fiduciary duty, and conversion.

Gold Medal Realty filed an answer, along with a cross complaint for indemnity against Wu and Wu's husband, Jian Hu. Although the appellate record contains only limited information on the issue, it appears that Wu and Hu did not appear in the action and were defaulted. The action proceeded to a jury trial.

2

The Register of Actions indicates that the jury trial took place on October 24, 25, 26, 27, 31 and November 1, 2022. However, the appellate record contains reporter's transcripts only from October 25 and October 26, and trial minutes only from October 25, 2022. Further, although the jury returned a verdict, the appellate record does not include the jury's verdict form, and the full content of the verdict form is not otherwise set forth in any other document that appears in the appellate record.

Lim filed a motion for judgment notwithstanding the verdict on November 8, 2022. The moving papers are included in the record, but the opposition is not. The trial court denied the motion.

On February 21, 2023, the trial court entered judgment, a copy of which appears in the appellate record. As described in the judgment, as to Lim's claims against Gold Medal Realty the jury found in favor of Lim on the cause of action for negligent supervision and against Lim on the causes of action for breach of fiduciary duty, constructive fraud, conversion and breach of contract. According to the judgment, the jury found Lim's total damages were $541,000. The judgment states that Gold Medal Realty is liable for Wu's conduct under a theory of respondeat superior. Further, according to the judgment, the jury found Lim was negligent, sharing 20 percent of the fault for his damages, and it found that cross defendant Hu was also responsible for 20 percent of the harm. The judgment awarded Lim the amount of $324,600 against Gold Medal Realty, and the amount of $541,000 against Wu.

## II.

## DISCUSSION

The overall relief that Lim seeks on appeal is an increase of the award in his favor, as against both Gold Medal Realty and Wu, to the amount of

3

$760,500.  Although Lim's legal arguments are not well developed, he sets forth several grounds for relief.  We will discuss each ground separately, explaining in each instance that Lim has not provided us with an adequate appellate record with respect to that issue.

A.    *Lim's Challenge to the Denial of His Motion to Establish That Gold Medal Realty Made Binding Judicial Admissions*

Lim first argues that the trial court should have granted a written motion, filed in the midst of trial, in which Lim sought to establish that Gold Medal Realty made binding judicial admissions in its pleadings that Wu caused the *full* amount of Lim's losses, which Lim claimed to be $760,500.  The reporter's transcript from October 26, 2022, shows that the trial court denied the motion after reading and considering Lim's briefing.  However, in doing so, the trial court left open the possibility of entertaining argument the next day, October 27, 2022.  We do not know whether any additional argument was presented because Lim did not provide us with a reporter's transcript or trial minutes from October 27, 2022.

Due to the deficiencies in the appellate record, we are unable to meaningfully evaluate Lim's challenge to the trial court's ruling.  Not only has Lim failed to provide a reporter's transcript from October 27, 2022, he also has not provided the brief he filed in the trial court in support of his motion.  Therefore, our limited understanding of the motion is based on a short discussion in Lim's appellate briefing, along with the trial court's cursory description while denying the motion on October 26, 2022.

"[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment."  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608–609

4

(*Jameson*).) " ' "A necessary corollary to this rule is that if the record is inadequate for meaningful review, the appellant defaults and the decision of the trial court should be affirmed." ' . . . 'Failure to provide an adequate record on an issue requires that the issue be resolved against [the appellant].' " (*Id.* at p. 609, citation omitted.)

Lim argues in his reply brief that the obligation to provide an adequate record for appellate review only applies to appeals from attorney fee awards. The argument is without merit. As case law establishes, the requirement applies in *all* appeals, as it is based on the general principle that the appellant has the burden to demonstrate reversible error. (*Jameson, supra,* 5 Cal.5th at pp. 608–609.)

Here, because Lim failed to provide an adequate record to allow us to meaningfully review the trial court's ruling on his motion seeking to establish that Gold Medal Realty made binding judicial admissions, we resolve the issue against him.

B.     *Lim's Challenge to the Sufficiency of the Evidence*

Next, Lim argues that "the trial court's allocation of 20 [percent] responsibility of Mr. Lim's damage to Mr. Lim and Jian Hu[,] respectively[,] lacks evidentiary support." He contends that Gold Medal Realty "failed to satisfy its burden of proof as to its affirmative defense and allegation of comparative negligence on Mr. Lim or Jian Hu."

Lim has not provided an adequate record for us to review this contention. Lim failed to provide reporter's transcripts for several days of the trial. He also did not provide any of the exhibits entered into evidence during the trial, or the jury's verdict form. Because Lim has failed to provide the record needed to evaluate his argument, he has not carried his burden in

5

challenging the sufficiency of the evidence, and we resolve the issue against him. (*Jameson*, *supra*, 5 Cal.5th at pp. 608–609.)

C.   *Lim's Challenge to the Judgment Against Him on the Causes of Action for Breach of Fiduciary Duty and Breach of Contract*

Finally, in an argument that is somewhat hard to follow, Lim contends that based on the jury's findings on the verdict form, the trial court should have entered judgment in Lim's favor against Gold Medal Realty on the cause of action for breach of fiduciary duty and breach of contract.

In the course of Lim's argument, he relies on and quotes from the jury's verdict form. The record citations he provides are to page 1 and page 10 of item 359 in the Register of Actions, which is described in that document as "Verdict filed by The Superior Court of San Diego." However, Lim has not included the actual verdict form itself in the appellate record. Accordingly, Lim has not provided an adequate record for us to evaluate his argument that the jury's findings require a judgment in his favor on the causes of action for breach of fiduciary duty and breach of contract. We accordingly resolve the issue against him. (*Jameson*, *supra*, 5 Cal.5th at pp. 608–609.)

## III.
## DISPOSITION

The judgment is affirmed. Gold Medal Realty shall recover its costs on appeal.

IRION, J.

WE CONCUR:


HUFFMAN, Acting P. J.

O'ROURKE, J.

6